IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

_____X

MICHAEL MAZZEO

18 North Second Street

Cortland Manor, New York 10567,

        Plaintiff,

v.   No.:

JACOB J. LEW

Secretary, United States Department

Of the Treasury

Washington, DC 20528,

        Defendant.

_____X

COMPLAINT

Now comes the Plaintiff, MICHAEL MAZZEO, by his attorney, Mahon & Berger, Esqs, and complaining of the Defendant, he states:

*Nature of Action*

1. This is a complaint claiming disparate treatment and/or harassment due to his sex (male), race (white), National Origin (Italian American), age (50; Date of Birth: December 16, 1965) and/or disability. Plaintiff seeks compensatory and punitive damages, and attorneys' fees.

*Jurisdiction and Venue*

2. The jurisdiction of the district court is based upon 29 U.S.C. Section 633a(c) and 626(d), as well as Title VII of the Civil Rights Act of 1964, 42 USC Sec. 2000 e, et. seq.. In addition thereto, jurisdiction is claimed pursuant to 28 U.S.C. Sections 1331 and 1343 (a)(4).
3. This judicial district is the proper venue for this action in accordance with 28 U.S.C. Section 1391(e)(2).

*The Parties*

4. Plaintiff, Michael Mazzeo ("Mazzeo") is a resident of Cortland Manor, New York. Mazzeo is 50 years old. Mazzeo, at all times relevant to this complaint, was employed as a Special Agent for the Department of Treasury, Internal Revenue Service ("IRS").
5. Jacob J. Lew ("Secretary")is presently the Secretary of the United States Department of Treasury.

*Facts*

6. Mazzeo is an individual at least 40 years of age.
7. Mazzeo works as a Special Agent ("SA"), GS-1811-13 for the Internal Revenue Service, a component of the Defendant.
8. Mazzeo's year of birth is 1965.
9. Mazzeo filed a previous EEOC complaint which was decided in favor the Defendant August 3, 2015. The Defendant issued its final order adopting the EEO Decision on August 5, 2015.

*Discrimination Claims*

10. Beginning on or about March 30, 2011, Mazzeo was required to have weekly meeting with his manager to discuss the progress of his investigations .
11. On or about October 5, 2011, Mazzeo was ordered to attend a fit for duty examination scheduled for 7:15 a.m. on October 10, 2011 (Columbus Day). Ultimately, the examination was cancelled.
    a. On June 28, 2012, Mazzeo was ordered to attend a fit for duty examination.
    b. On October 9, 2012, he was notified that he no longer met the GS-1811 Treasury Enforcement Agency Qualifications Standards and was not medically qualified (NMQ) for full duty as a Special Agent for the IRS-CID;
12. On November 2, 2011, and again on September 27, 2012, Mazzeo's manger directed him to use all of his use or lose annual leave prior to his surgery scheduled for November 10, 2011 and for his additional surgery on October 18, 2012.
13. On November 8, 2011, Mazzeo was required to leave his Government vehicle at the office. Subsequently, this vehicle was reassigned to another employee, and Mazzeo was assigned a vehicle with substantially more mileage and in need of repair.
14. On or about November 30, 2011 and October 30, 2012, Mazzeo was removed from IRS computer systems (i.e., Microsoft Outlook and Discovery Director).
15. Effective on or about January 1, 2012, Mazzeo was deemed ineligible for Law Enforcement Availability Pay (LEAP).
16. On or about March 5, 2012, Mazzeo was issued an annual performance appraisal for the period ending January 31, 2012, which accurately reflected , and failed to fully credit, his work performance.
17. Mazzeo was discriminated against based on his disability (physical) when beginning on April 6, 2011, Human Capitol officials:
    a. Refused to correct his SF50 to reflect his Law Enforcement Availability Pay;
    b. Provided him incorrect information about leave buy back, and
    c. Charged 643 hours to Sick Leave FECA that should have been posted as LWOP-OWCP.

18. All of the foregoing personnel actions constitute illegal discrimination.

WHEREFORE, Plaintiff prays for judgment in his favor and against the Secretary and also prays for the following relief:
   A. That the Plaintiff be awarded compensatory damages for pain and suffering as a result of the discrimination directed against the Plaintiff;
   B. That the Secretary be ordered to pay to the Plaintiff punitive damages on account of the discrimination committed against him;
   C. Plaintiff demands a jury trial;
   D. That the Plaintiff received such further relief as may be necessary to make him whole, in addition thereto that the Plaintiff be awarded his costs and reasonable attorneys' fees.

Dated: August 4, 2015

Respectfully submitted,

Lawrence Berger, Esq.

Mahon & Berger, Esqs.

DC Bar #: NY0059

70 Glen Street, Suite 280

Glen Cove, NY 11542

516 671 2688

Fax: 516 671 1148